UNITED STATES COURT OF INTERNATIONAL TRADE
Before the Hon. Jennifer Choe-Groves, Judge

| | |
|---|---|
| Repwire LLC, | |
| *Plaintiff,* | |
| Jin Tiong Electrical Materials Manufacturer PTE, Ltd, | |
| *Consolidated Plaintiff,* | |
| v. | Cons. Ct. No. 22-00016 |
| United States, | |
| *Defendant,* | |
| Southwire Company, | |
| *Defendant-Intervenor,* | |
| and | |
| Encore Wire Corp., | |
| *Defendant-Intervenor.* | |

**MEMORANDUM OF LAW IN SUPPORT OF THE
RULE 56.2 MOTION OF PLAINTIFF REPWIRE LLC
AND CONSOLIDATED PLAINTIFF JIN TIONG
ELECTRICAL MATERIALS MANUFACTURERE PTE LTD
FOR JUDGMENT UPON THE AGENCY RECORD**

                                                          David J. Craven, Esq.
CRAVEN TRADE LAW LLC
3744 N Ashland Avenue
Chicago, Illinois 60613
Tel. 773-709-8506
David.craven@tradelaw.com
    Counsel for Plaintiffs

Dated: July 1, 2022

Table of Contents

Table of Contents ................................................................................................i

Table of Authorities ............................................................................................ ii

I.   Introduction ...............................................................................................1

II.  Statement Pursuant to Rule 56.2(C) ..........................................................1

   A. Administrative Determination Under Review ......................................1

   B. Issues of Law ........................................................................................2

   C. Summary of Arguments .......................................................................3

   D. Statement of Facts ................................................................................3

III. Standard of Review ...................................................................................4

IV.  Argument .................................................................................................. 5

   A. The Express Language of the Questionnaire Contemplated the Filing of a Questionnaire Response Without the Filing of a Separate Rate Application or Separate Rate Certification ........................5

   B. The Department has Issued Questionnaires to Respondents that have not Timely Filed an SRA or SRC ......................................................7

   C. The Department Should Not Have Applied AFA to Jin Tiong ................11

V.   Conclusion ................................................................................................12

# Table of Authorities

*Court:*

*Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 284, 95 S. Ct. 438, 42 L. Ed. 2d 447 (1974) ..................................................... 5

*Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842 (1984) ................................................................................................................ 4

*Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1377 (Fed. Cir. 2012) ............................................................................. 5

*Dongbu Steel Co., Ltd. v. US*, 635 F. 3d 1363 (Fed. Cir. 2011) ...................... 7,10,11

*Fujitsu Gen. Ltd. v. United States,* 88 F.3d 1034, 1038 (Fed. Cir. 1996) ................. 4

*Koyo Seiko Co., Ltd v. U.S.*, 36 F.3d 1565 (Fed. Cir. 1994) ..................................... 7

*Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs,* 260 F.3d 1365 (Fed.Cir.2001) ..................................................................................... 10

*NSK Ltd. v. U.S.,* 115 F.3d 965 (Fed.Cir. 1997) ...................................................... 7

*Pesquera Mares Australes Ltda. v. United States,* 266 F.3d 1372 (Fed. Cir. 2001) ................................................................................................................ 4

*SKF USA, Inc. v. United States.* 254 F.3d 1022 (Fed. Cir. 2001) ........................ 5,10

*Transactive Corp. v. United States,* 91 F.3d 232 (D.C.Cir.1996) ........................... 10

*Tung Mung Dev. Co., v. United States*, 354 F.3d 1371 (Fed. Cir. 2004) ................. 5

*United States v. Menasche*, 348 U.S. 528 (1955) ..................................................... 6

*Wheatland Tube Co. v. U.S.,* 495 F.3d 1355 (Fed. Cir. 2007) .................................. 5

*Administrative:*

*Cast Iron Soil Pipe from the People's Republic of China: Initiation of Less Than-Fair Value Investigation*, 83 Fed. Reg. 8053 (Feb. 23, 2018) ............... 8

*Statute:*

19 U.S.C. § 1516a (a)(2)(B)(iii) .............................................................................. 2

19 U.S.C. §1516a(b) ............................................................................................... 4

19 U.S.C. §1673d(c)(5) .......................................................................................... 4

19 U.S.C. § 1677(35) ............................................................................................ 11

I. **INTRODUCTION**

This is an appeal from the administrative review of the antidumping order on Aluminum Wire and Cable from the People's Republic China. Plaintiff Repwire LLC ("Repwire") is a U.S. importer who participated in the Administrative Review and Consolidated Plaintiff Jin Tiong Electrical Materials Manufacturer PTE, Ltd, was a mandatory respondent in the review. Both entities were parties to the proceeding having made multiple submissions to the Department during the course of the review.

Repwire LLC and Jin Tiong Electrical Materials Manufacturer PTE, Ltd (collectively "Plaintiffs") assert the following errors in the Commerce Department's final determination:

- The Department improperly withdrew the questionnaire issued to Jin Tiong and did not permit Jin Tiong to file a full administrative response to the Department's questionnaire; and

- The Department's determination to apply adverse facts based on a failure to cooperate was not proper.

II. **STATEMENT PURSUANT TO RULE 56.2(c)**

    A. **Administrative Determination Under Review**

This action is brought pursuant to 19 U.S.C. § 1516a (a)(2)(B)(iii) to contest Commerce's final determination as published in the Federal Register as *Aluminum Wire and Cable From the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2019–2020,* 86 Fed. Reg. 73251 PR-45[1] and accompanying Issues and Decision Memorandum ("IDM") (PR-44). In the Final Results, Commerce found that Jin Tiong had not demonstrated that it was entitled to a separate rate.

### B. Issues of Law

The Plaintiffs present the following issues. In each instance, Commerce's decision was not based on substantial evidence on the record, and was arbitrary and capricious, an abuse of discretion, and not otherwise in accordance with law. The issues are:

1. **Withdrawal of Issued Questionnaire**  Whether Commerce's withdrawal of an issued questionnaire was unlawful and an abuse of discretion.

2. **Application of AFA Rate**  Whether Commerce's application of AFA to Jin Tiong for a failure to respond to the Department's inquiries is proper where the Department withdrew the questionnaire and did not permit Jin Tiong to respond.

---

[1] This brief uses the following abbreviations: **PR** = Public Record; **CR** = confidential record; **AR** = administrative review; **AFA** = adverse facts available; **BOM** = bill of materials; **COP** = cost of production; **HM** = home market; **QR** = questionnaire response; **SQR** = supplemental QR; **CONNUM** = control number.

2

C. **Summary Of Arguments**

- The express language of the questionnaire contemplated the filing of a questionnaire response without the filing of a separate rate application or separate rate certification.   the department erred when it stated that the filing of an SRA or SRC was a condition precedent for the issuance of a questionnaire.

- Contrary to the position of the Department, the Department has issued questionnaires to respondents that have not timely filed an SRA or SRC. The Department issued questionnaires and selected respondents based on volume and did not consider the filing or non-filing of such SRA or SRC.

- The Department should not have taken adverse inferences against Jin Tiong for a failure to establish that it was eligible for a Separate Rate when the Department rejected the documents that would have established the separate rate.

D. **Statement Of Facts**

The antidumping order on Aluminum Wire and Cable was published as *Aluminum Wire and Cable From the People's Republic of China: Antidumping Duty and Countervailing Duty Orders*, 84 Fed. Reg. 70496  (December 23, 2019).  This appeal concerns the 1st administrative review, *Initiation of Antidumping and Countervailing Duty Administrative Reviews*, 86 Fed. Reg. 8166 (Feb. 4. 2021).  In the segment of the proceeding under appeal, Commerce issued its preliminary results as  *Aluminum Wire and Cable From the People's Republic of China: Preliminary Results of Antidumping Duty Administrative Review; 2019–2020*, 86 Fed. Reg. 49,306 (Sept. 2, 2021).  The final results were issued as *Aluminum Wire and Cable*

3

*from the People's Republic of China: Final Results of Antidumping Duty Administrative Review; 2019–2020*, 86 Fed. Reg. 73251 (December 27, 2021).

### III. STANDARD OF REVIEW

The Court will hold unlawful Commerce determinations that are unsupported by substantial evidence on the record or are not otherwise in accordance with law. 19 U.S.C. §1516a(b). To determine whether Commerce's interpretation and application of 19 U.S.C. §1673d(c)(5) is "in accordance with law," the courts review the statute to determine whether "Congress has directly spoken to the precise question at issue." *Chevron U.S.A. Inc. v. Natural Res. Def. Council, Inc.,* 467 U.S. 837, 842 (1984).

If the statute is silent or ambiguous with respect to the specific issue, the Federal Circuit has held that *Chevron* deference is owed Commerce's statutory interpretations as to appropriate methodology. *Pesquera Mares Australes Ltda. v. United States,* 266 F.3d 1372, 1379 (Fed. Cir. 2001). That analysis entails determining whether Commerce's construction of an ambiguous statute is "permissible." *See Chevron,* 467 U.S. at 843. A "permissible" construction is understood in terms of reasonableness; only reasonable interpretations will be upheld by the Court. *See Fujitsu Gen. Ltd. v. United States,* 88 F.3d 1034, 1038 (Fed. Cir. 1996) *('Chevron* requires us to defer to the agency's interpretation of its own statute as long as the interpretation is reasonable."). To determine

reasonableness, courts look to the express terms of the statute, the objectives of the statute, and the objectives of the statutory scheme as a whole. *Wheatland Tube Co. v. U.S.,* 495 F.3d 1355, 1361 (Fed. Cir. 2007).

It is axiomatic that Commerce may not exert its authority in an arbitrary or capricious manner. *See, e.g., Tung Mung Dev. Co., v. United States*, 354 F.3d 1371, 1378 (Fed. Cir. 2004). Commerce's decision will be set aside if it is arbitrary and capricious. *See, e.g., SKF USA, Inc. v. United States.* 254 F.3d 1022, 1028 (Fed. Cir. 2001). "{A} reviewing court must apply both standards {substantial evidence, and arbitrary and capricious or contrary to law}, while "an agency's finding may be supported by substantial evidence," yet "nonetheless reflect arbitrary and capricious action." *Changzhou Wujin Fine Chem. Factory Co., Ltd. v. United States*, 701 F.3d 1367, 1377 (Fed. Cir. 2012) (quoting *Bowman Transp., Inc. v. Arkansas-Best Freight Sys., Inc.*, 419 U.S. 281, 284, 95 S. Ct. 438, 42 L. Ed. 2d 447 (1974).

IV.  **ARGUMENT:**

> A. *The Express Language of the Questionnaire Contemplated the Filing of a Questionnaire Response Without the Filing of a Separate Rate Application or Separate Rate Certification*

The Courts have consistently held that words in statutes must be given meaning. The Courts have stated:

> The cardinal principle of statutory construction is to save and not destroy. It is our duty to give effect, if possible, to every clause and word of a statute, rather than to emasculate an entire section. . .

United States v. Menasche, 348 U.S. 528, 538-539 (1955).

While the *Menasche* case related to statutes, as expanded upon further below, the same general rule should also apply to other pronouncements of the government. Plaintiffs submit that there is no dispute that the questionnaire contemplated it being answered by parties that had not submitted an SRA or SRC. The questionnaire contemplated three and distinct scenarios, only two of which contemplate the filing of an SRA or SRC[2]:

1. A party may rely upon its Separate Rate Application.
2. A party may withdraw the Separate Rate Application and respond fully to section A; and
3. A party must answer Section A if no Separate Rate Application was filed.

Establishing a requirement that a party submit an SRA in order to have a questionnaire issued to it, essentially renders the third criteria a nullity. An interpretation that renders the express language a nullity is necessarily an overbroad interpretation.

This was further confirmed by the express language of the questionnaire. The questionnaire stated:

> Note: The Department presumes that a single weighted-average dumping margin is appropriate for all exporters in a non-market economy country. The Department may, however, consider requests for separate rates from individual exporters. **Individual exporters requesting a separate rate must respond to the following questions in order for the Department to consider fully the issue of separate**

---

[2] This would be reflected in PR-19 if the Department had not removed such document from the record.

**rates**.³   (Emphasis Added)

This language does not refer to an SRA or an SRC, but rather unequivocally directed individual exporters to respond to "the following questions in order for the Department to consider fully the issue of separate rates".

There is a long line of cases which hold that individual words must be given their "plain" meaning in the Antidumping Duty context. See *Koyo Seiko Co., Ltd v. U.S.*, 36 F.3d 1565 (Fed. Cir. 1994) at 1574,  NSK Ltd. v. U.S., 115 F.3d 965 (Fed.Cir. 1997)  If entire paragraphs are ignored, the individual words are not only not being given their ordinary meaning, they are being given no meaning.

### B. The Department has Issued Questionnaires to Respondents that have not Timely Filed an SRA or SRC

The Department cannot act in an arbitrary and capricious fashion.  Applying one rule to one party and applying the inverse rule to another party is arbitrary and capricious.  *Dongbu Steel Co., Ltd. v. US*, 635 F. 3d 1363 (Fed. Cir. 2011).

In this case, Jin Tiong brought to the attention of the Department an essentially identical situation where the Department reached in opposite conclusion.  In the antidumping duty investigation of Cast Iron Soil Pipe (A-570-079), Yucheng Jiangxian Economic Development Zone HengTong Casting Co., Ltd ("Hengtong

---

³ This would be reflected in PR-27 if the Department had not removed such document from the record. The Department removed both the questionnaire and Jin Tiong's Section A response from the record.  We submit that the Department cannot avoid review of its conduct by removing from the record documents that set forth facts contrary to the Department's position.

Casting") did not submit a separate rate application. The notice of initiation was published as *Cast Iron Soil Pipe From the People's Republic of China: Initiation of LessThan-Fair Value Investigation*, 83 Fed. Reg. 8053 (February 23, 2018) and the Separate Rate Applications were due on March 29, 2018. Multiple parties filed separate rate applications. Hengtong Casting did not. This is evidenced by the Access Docket sheets which do not contain any reference to an SRA filed by Hengtong. (Comments on Withdrawal of Questionnaire at Exhibit A (PR 25)). On April 9, 2018 multiple respondents asked the Department to select mandatory respondents from the pool of companies that had submitted Separate Rate Applications. (Comments on Withdrawal of Questionnaire at Exhibit B (PR 25)).. On April 23, 2018 the Department selected mandatory respondents and selected Hengtong Castings as a mandatory respondent notwithstanding its failure to participate in the SRA process. (Comments on Withdrawal of Questionnaire at Exhibit C (PR 25)). It is critical to note that in making this respondent selection process, CBP only considered the quantity and value of the imports and did not consider whether or not the companies did not file Separate Rate Applications. On May 24, 2018 Hengtong Casting, which had not submitted an SRA, notwithstanding that these SRA had been due on March 29, 2018 submitted its Section A response. (Comments on Withdrawal of Questionnaire at Exhibit D (PR 25)).

     In contrast, in this case there were only two potential respondents, the

Department did not need to limit the number of respondents, and in fact, the Department did not issue a respondent selection memorandum, but rather simply transmitted the questionnaire to Jin Tiong. (PR 19)

In other words, in an essentially identical fact pattern, in which a clear mandatory respondent did not submit an SRA, the Department selected the clear mandatory respondent as a mandatory respondent and issued to them a questionnaire and ultimately issued a margin based on the data. The primary difference is that in the case of Hengtong, there was an **express objection** to the Department's actions, while in this case, there was no objection.

In the issues and decisions memorandum, the Department sought to justify this by stating that the issues and decisions memorandum stated that Hengtong had filed an SRA and that no one had raised the issue as to Hengtong's non-filing of an SRA in the case briefs. This is ultimately irrelevant. As shown by the clear and conclusive evidence of the docket report, Hengtong had not filed an SRA, but once they had been selected as a respondent this issue was no longer relevant. Further, that the Department, apparently erroneously, found at the time of the preliminary results that Hengtong had filed an SRA is ultimately irrelevant to the analysis here. The question is, at the time of the selection of respondents had Hengtong filed an SRA (the answer is no) and did the Department take this into account in selecting respondents (again the answer is no).

In the case of Jin Tiong, the Department short-cut the respondent selection process and issued Jin Tiong a questionnaire. At the time that this questionnaire was issued, there was no dispute that Jin Tiong had not filed an SRA or SRC. The Department thus did not take this into account in issuing the questionnaire – just as in the case of Hengtong. A disparate result, even where one is in an investigation and another is in a review, is not appropriate. In SKF USA, INC. v. US, 263 F. 3d 1369 (Fed. Cir. 2001), the Court held:

> As the District of Columbia Circuit has noted, it is well-established that "an agency action is arbitrary when the agency offer[s] insufficient reasons for treating similar situations differently." *Transactive Corp. v. United States,* 91 F.3d 232, 237 (D.C.Cir.1996). In a recent decision, we specifically held that the Department of Veterans Affairs was required to explain why two of its regulations had interpreted virtually identical language contained in related veterans' benefits statutes in conflicting ways. *Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs,* 260 F.3d 1365, 1368 (Fed.Cir.2001)
> SKF US at 1382

The decision in *Dongbu Steel*, 635 F.3d 1363 (Fed. Cir) is directly on point. The Court stated:

> We have indicated that an agency action is arbitrary when the agency offers insufficient reasons for treating similar situations differently. *See, e.g., Nat'l Org. of Veterans' Advocates, Inc. v. Sec'y of Veterans Affairs,* 260 F.3d 1365, 1379-80 (Fed.Cir. 2001) (remanding an agency determination to allow the agency to provide a reasonable explanation for its decision to interpret virtually identical statutory language in related statutes inconsistently). Our prior decision in *SKF I* is particularly on point. In *SKF I,* this court held that Commerce's interpretation of the term "foreign like product" in two different ways within the same antidumping proceeding without explanation conflicted with rules of statutory construction. 263 F.3d at 1382. We

> concluded, "Commerce is required to explain why it uses two different definitions [of the same term], and that explanation must be reasonable." *Id.* This case is even more straightforward than *SKF I* and *National Organization of Veterans' Advocates* because here Commerce is construing *the exact same statutory provision* and concluding that it can be interpreted to have different meanings depending on the type of antidumping proceeding when it has previously argued the opposite. Although 19 U.S.C. § 1677(35) is ambiguous with respect to zeroing and Commerce plays an important role in resolving this gap in the statute, Commerce's discretion is not absolute. Commerce must provide an explanation for why the statutory language supports its inconsistent interpretation.
> *Dongbu Steel* at 1372.

In this case, Commerce's explanation, which is to essentially deny the facts, is insufficient to support its inconsistent interpretation.

### C. The Department Should not have Applied AFA to Jin Tiong

In the final results, the Department found that Jin Tiong was not eligible for a Separate Rate and was thus found to be part of the China-Wide entity. The circular reasoning was that since Jin Tiong had not provided such evidence of a separate rate status, it was not entitled to separate rate status, notwithstanding that the Department had rejected, and refused to accept the very information which would have provided evidence of such separate rate status. Simply put, AFA applied to Jin Tiong because it did not reply to a questionnaire because the Department withdrew such questionnaire.

.

11

## V. CONCLUSION

In conclusion, the Department correctly issued an antidumping duty questionnaire to Jin Tiong and should have permitted Jin Tiong to answer this questionnaire. The Department's decision to withdraw the questionnaire was contrary to other decisions of the Department and not justified. The Department did not permit Jin Tiong to respond to the questionnaire, and thus found that Jin Tiong was not eligible for a separate rate.

The Court should remand this matter to the Department and direct the Department to allow Jin Tiong to submit a questionnaire response.

Respectfully submitted,

/s/ David Craven
David Craven

Counsel to Repwire LLC and Jin Tiong Electrical Materials Manufacturer PTE, Ltd

Dated: July 1, 2022

## CERTIFICATE OF COMPLIANCE

1. This brief complies with the guidelines set forth in the Standard Chambers Procedures. The brief contains 2,760 words on numbered pages (that is, excluding only the Cover Page, the Table of Contents, the Table of Authorities, the signature block, and the present certificate) according to the word-count function of Microsoft Word for Office 365, the word processing program used to prepart this memorandum.

2. This brief has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

                                                               Respectfully Submitted,
                                                                /s/ David J. Craven
                                                                David J. Craven

July 1, 2022